Dear Senator Dennis:
This letter is in response to your question asking whether a county memorial hospital organized under the provisions of Sections 205.160 to 205.340 and 205.374, RSMo 1978, Supp. 1982, and Senate Bills Nos. 44 and 45, 1983 Mo. Legis. Service 721, 741 (Vernon's), may enter into a contract with a physician to employ the physician for a ten-year period.[1]
In our Opinion No. 92, dated July 28, 1961, to Volkmer, this office concluded that a county court may lease out real property of the county for short periods but may not enter into a lease for a period 99 or 20 years. This office concluded in that opinion that such an arrangement is tantamount to a permanent deprivation of possession which the legislature has directed will be by sale.
In our Opinion No. 304, dated November 9, 1965, to Kiser, this office concluded that county courts may execute leases, as lessee, for several years providing current and surplus funds on hand will be adequate to pay their obligations under the lease. Such opinion also concluded that county courts may execute a lease for multiple years that would be binding on succeeding courts, providing that the contract is not for an unreasonable term or in bad faith or fraudulent. In concluding this office expressed a view that it appears that the county court might well execute a contract covering a period of two to five years (assuming validity in other areas) without too much question and it could possibly execute a valid contract for ten years depending on the particular facts. However, it appears that a lease in excess of 25 years, in such circumstances would be considered an unreasonable exercise of power under the facts.
We have enclosed copies of the cited opinions for your examination and information.
In answer to your question it appears likely that a ten-year contract with a physician for personal services would be excessive. The term of any such contract, assuming such contract is legal, could lawfully extend beyond the terms of the individual members of the board of hospital trustees. It is our view that a ten-year term could be in derogation of the powers of the future members of a board to govern the hospital properly.
In responding to your question, we note that there are at least two threshold questions which we do not purport to determine here. The first question is whether a contract of employment, as such, between the hospital board of trustees and any employee is possible in light of the holding of the Missouri Supreme Court inCity of Springfield v. Clouse, 206 S.W.2d 539 (Mo. banc 1947). In that case, the Supreme Court concluded that:
 Thus qualifications, tenure, compensation and working conditions of public officers and employees are wholly matters of lawmaking and cannot be the subject of bargaining or contract. Such bargaining could only be usurpation of legislative power by executive officers; and, of course, no legislature could bind itself or its successor to make or continue any legislative act. . . . Id. at 545.
Compare, however, Aslin v. Stoddard County, 106 S.W.2d 472
(Mo. 1937), where a division of the Missouri Supreme Court upheld a county court's one-year employment contract with a janitor, stating that the county court is a continuing body that can bind itself in the future.
In addition, it has been held that multi-year public contracts may constitute an "indebtedness" in the sense of ArticleVI, Section 26(a), of the Missouri Constitution.[2] We note that the answer to the threshold questions that we raise herein have not been adequately resolved by the courts and for that reason, in the context of your question, we do not believe that it would be appropriate to try to resolve these or any other such threshold questions here.
If we are to assume the validity of such a contract, it is our view that the term of such should not extent beyond four years, which is the length of the terms of the hospital trustees, Section 205.170.3, RSMo 1978. We do not at this point pass upon the validity of any particular contract in any other respect.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Opinion No. 92, Volkmer, 1961 Opinion No. 304, Kiser, 1965
[1] Section 205.190.4, RSMo Supp. 1982, states in part: "The board of hospital trustees shall have power to appoint a suitable chief executive officer and necessary assistants . . ." See also,
Section 205.195, RSMo 1978, which regulates physician staff membership at county hospitals.
[2] Recently in St. Charles City-County Library District v. St.Charles Library Building Corporation, 627 S.W.2d 64 (Mo.App. 1981), the court indicated that if a long-term lease is subject to an annual option to terminate, the amount of the "debt" for purposes of the constitutional debt limitation is the total annual
payments, not the total payments under the lease. It would be advisable for the draftsmen of any such employment agreement to consult the St. Charles City-County Library District opinion.